**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **ANNIKA ERIKSSON** and **DONALD BUCKHOUT**,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF OREGON CITY**, an Oregon municipal Corporation**; TONY KONKOL**, individually**; TODD KENNEDY**, individually**; ASHLEY FRAIJO**, individually**; ALEXANDRA TROUTMAN**, individually**; RAMON HENDERSON**, individually; and **VANCE WALKER**, individually,<br><br>Defendants. | Case No. 3:26-cv-01885-IM<br><br>**SCREENING ORDER GRANTING APPLICATIONS TO PROCEED IN FORMA PAUPERIS, DISMISSING PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND, AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION** |

Annika Eriksson, P.O. Box 1108 (ACP 0030-24), Salem, OR 97308. Pro se.
Donald Buckhout, 12054 Chapin Court, Oregon City, OR 97045. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Plaintiffs' Complaint ("Complaint"), ECF 1, their applications to proceed in forma pauperis, ECF 2 and ECF 3, and their Emergency Motion for Temporary

Restraining Order and Preliminary Injunction ("TRO/PI Mot."), ECF 4. Plaintiffs Annika Eriksson and Donald Buckhout, residents at 12054 Chapin Court, Oregon City, bring this action against several defendants, alleging various federal statutory and constitutional violations related to the handling of property disputes, disability accommodations, code enforcement, and utility debts. For the reasons below, this Court grants Plaintiffs' requests to proceed in forma pauperis, ECF 2 and ECF 3; dismisses their Complaint, ECF 1, without prejudice; and denies their motion for a Temporary Restraining Order or Preliminary Injunction, ECF 4.

**STANDARDS**

This Court may allow a plaintiff to file a federal lawsuit without prepayment of fees or security so long as the plaintiff submits an affidavit showing that the plaintiff is unable to pay the fees or give security. 28 U.S.C. § 1915(a). A district court must perform a preliminary screening of an IFP complaint and dismiss any claims that fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc) (noting that § 1915(e)(2)(B) applies to all IFP complaints, not just those of individuals in custody). To state a claim, a plaintiff must allege facts that, when accepted as true, make it plausible to infer that the defendant violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). In addition, dismissal may be appropriate if a complaint violates Rule 8(a) of the Federal Rules of Civil Procedure. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiffs are self-represented, so this Court will construe the pleadings in their favor and afford them the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court may not, however, supply essential elements of a claims that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam).

## DISCUSSION

This Court concludes that Plaintiffs' complaint should be dismissed for failing to state a claim. Plaintiffs do not provide factual allegations to form any cognizable claim for relief, though leave should be granted to amend the Complaint. Accordingly, this Court also denies Plaintiffs' request for a TRO or a PI since both are equitable remedies that require a "clear showing" of a likelihood of success on the merits. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024).

### A. Federal Rule of Civil Procedure 8(a)(2)

Plaintiffs' claims do not meet the Rule 8(a)(2) threshold for stating a claim for relief. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is necessary to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Courts need not credit legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678. Even under notice pleading, courts are not meant to "piece together a theory of liability from a string of … assertions." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011) (cleaned up).

Plaintiffs' Complaint does not meet this standard. It is difficult to determine what Defendants did that violated the rights guaranteed to Plaintiffs under the law. Although Plaintiffs' allegations appear to center on the City shutting off Plaintiffs' water, Complaint, ECF 1 ¶ 1, the Complaint features numerous unrelated claims. As an example, the Complaint alleges

wrongs done to individuals not party to the suit. In one instance, Plaintiffs discuss "systemic deprivation inflicted by Defendant City and corporate foreclosure actors on residents Mark and Anne Matheson." *Id.* ¶ 24b. Additionally, Plaintiffs include extraneous details and allegations against individuals and corporations that are not defendants in the case that also make it difficult to discern the grounds on which Plaintiffs seek relief. *See, e.g. id.* ¶ 36 (Beaverton/Deutsche Bank case and appeal); *id.* at ¶ 37 ("Mayor McGriff refused to intervene"); *id.* ¶ 41 (Klinedinst PC and Shellpoint allegations).

Plaintiffs' Complaint is insufficient to put Defendants on notice of the claims against them as required by Rule 8. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (explaining that although self-represented litigants "may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."). Accordingly, the Complaint must be dismissed. *See*, *e.g.*, *Renne*, 84 F.3d at 1177–80 (upholding District Court's dismissal of a complaint that failed to set forth a short and plain statement of the claims at issue in violation of Rule 8(a)).

**B. Leave to Amend**

Because this Court dismisses Plaintiffs' Complaint, it must decide whether to grant leave to amend. A court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This Court grants Plaintiffs leave to amend to address the deficiencies described in this Order. Plaintiffs must file any amended complaint within twenty-one days, or this case will be dismissed with prejudice.

The Court advises Plaintiffs that if they file an amended complaint, they must provide a *short* and *plain* statement of their claims against each defendant. The Court does not need significant background information, but rather a direct statement of the core harms—which here,

seems to be the water shutoff—and how they came about as a result of Defendants' actions. Specifically, Plaintiffs must tell the Court: (1) the constitutional or statutory right(s) he believes were violated; (2) the name of the person who violated the right(s); (3) exactly what the individual did or failed to do; (4) how the individual's action or inaction caused the violation of each Plaintiffs' constitutional or statutory right(s); and (5) what specific injury each Plaintiff suffered because of the individual's conduct. Plaintiffs must otherwise exclude from an amended pleading "all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like." *Olson v. Hornbrook Cmty Servs. Dist.*, No. 2:15-cv-0646-MCE-CMK, 2016 WL 3126120, at *2 (E.D. Cal. June 2, 2016).

**C. Motion for Temporary Restraining Order and a Preliminary Injunction**

Both a Temporary Restraining Order ("TRO") and a Preliminary Injunction ("PI") are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see Kindred v. Bigot,* 727 F. App'x 427, 427 (9th Cir. 2018) (unpublished) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)) (explaining that the standards for a TRO and a PI are "substantially identical"). To succeed on a motion for a TRO or a PI, a party must make a "clear showing" that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Starbucks Corp.*, 602 U.S. 339, 345 (2024) (quoting *Winter*, 555 U.S. at 20). If a plaintiff is unlikely to succeed on the merits, the court need not consider the remaining *Winter* factors. *Babaria v. Blinken*, 87 F.4th 963, 980 (9th Cir. 2023). Because this Court concludes that the Complaint has failed to state a claim upon which relief can be granted, it also concludes that Plaintiffs have failed to provide the necessary showing of a likelihood of success on the merits. Plaintiffs'

Emergency Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction, ECF 4, is therefore denied.

## CONCLUSION

For the reasons set forth above, this Court GRANTS Plaintiffs' motions for leave to proceed *in forma pauperis*, ECF 2 and ECF 3, and DISMISSES the Complaint, ECF 1, without prejudice and with leave to amend. Further, this Court DENIES Plaintiffs' Emergency Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction, ECF 4. Plaintiffs may amend their Complaint in accordance with this order within twenty-one (21) days and no later than October 5, 2026. Plaintiffs' failure to timely amend the Complaint will result in this case being dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 14th day of September, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge